IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, : : : Plaintiff, : : v. : : RESOURCE RESIDENTIAL : : : Defendant. : : : | CIVIL ACTION NO. **CV410-230** JURY TRIAL DEMANDED |

## COMPLAINT

This is an action under the Age Discrimination in Employment Act of 1967 (hereinafter referred to as the "ADEA") to correct unlawful employment practices on the basis of age and to provide appropriate relief to Margaret McCright, Carol Rutherford and E.K. Roscoe, who were adversely affected by such practices. The Equal Employment Opportunity Commission alleges that Resource Residential (hereinafter referred to as "Defendant") unlawfully terminated McCright, Rutherford and Roscoe from their positions for which they were qualified because of their age in violation of the ADEA.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Georgia, Savannah Division.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, the Defendant has continuously been a corporation doing business in the State of Georgia and the city of Savannah and has continuously maintained at least twenty (20) employees.

5. At all relevant times, the Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

6. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, charges of discrimination were filed with the Commission alleging violations of the ADEA by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

## AGE DISCRIMINATION CLAIM

8. From September 2008 to February 2009, the Defendant has engaged in unlawful employment practices at its Savannah, Georgia location in violation of § 623(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1). The practices referenced above include discharging Roscoe and Rutherford, and discharging and/or constructively discharging McCright due to age.

9. Defendant is a property management company managing over 12,000 units in 15 different states.

10. Margaret McCright (age 64) was hired by Defendant on or around July of 2007, as Community Manager of Defendant's West Wind Landing location.

11. In January 2008, Defendant's Regional Manager informed McCright that her position would be eliminated.

12. McCright was demoted to an Assistant Manager Position and her pay was reduced by $7.00 per hour.

13. On June 8, 2008, a new Community Manager, 32 years old, was hired for the West Wind Landing location.

14. On September 11, 2008, Defendant's managers met with McCright and informed her that they "have to let her go" but gave her the option of

4

resigning. When McCright asked what would happen if she refused to resign, the managers informed her that she would be terminated.

15. Based on the September 11th conversation, McCright turned in her letter of resignation of September 12, 2008.

16. At the time of the September 11th meeting, McCright had no written disciplinary record, and no record of performance deficiencies or problems.

17. Around the time of the 2008 Christmas holiday season, and in February 2009, McCright had conversations with other former employees which gave her reasonable cause to believe that her termination/forced resignation was based on her age.

18. E.K. Roscoe (age 60) was hired by Defendant as a Community Manager of Island Tree Apartment Homes on June 30, 2008.

19. On approximately November 10, 2008, Defendant's managers met with Roscoe and asked her to resign.

20. Roscoe refused to resign and was terminated on November 16, 2008.

21. At the time of Roscoe's termination, she had no written disciplinary record and no record of performance deficiencies or problems.

22. On January 5, 2009, Roscoe was replaced by a significantly younger employee, age 36.

5

23. Carole Rutherford (age 53) was hired by Defendant in June 2008 as an Assistant Community Manager of the Cypress Landing Apartments. Prior to being hired by Defendant, Rutherford was employed in the same position at that same property when it was owned by another management company.

24. Around August 2008, Rutherford was informed that her position was being reduced to part-time, and the new Community Manager was bringing in her own Assistant Community Manager.

25. In January 2009, Rutherford was transferred to West Wind Landing as the Assistant Community Manager.

26. On February 2, 2009, Defendant's managers terminated Rutherford due to an alleged lack of funding to support an Assistant Community Manager at the West Wind Landing location.

27. Rutherford was replaced in April 2009 when a 23 year old person was hired at Island Tree as Assistant Community Manager.

28. Prior to, and during the time frame of the three victims' terminations, higher management officials for Defendant made various remarks indicating a preference for a younger-aged workforce, including "a younger image is needed in the offices" and that a certain job position required someone who was "young, bubbly" and "energetic."

6

29. Prior to McCright's termination, higher management officials had conversations regarding the younger image it wanted to project, and instructed subordinate managers to "get rid of the old lady."

30. McCright, Rutherford and Roscoe were terminated because of their age.

31. The effect of the practices complained of in paragraphs 8-30, above, has been to deprive Roscoe, Rutherford and McCright of equal employment opportunities and otherwise adversely affect their status as employees because of their age.

32. The unlawful employment practices complained of in paragraphs 8-30, above, were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

**WHEREFORE,** the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, their officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of age against individuals 40 years of age and older.

B.   Order the Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older and which eradicate the effects of their past and present unlawful employment practices.

C.   Grant a judgment requiring the Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum in liquidated damages, and prejudgment interest, to Roscoe, Rutherford and McCright.

D.   Grant such further relief as the Court deems necessary and proper in the public interest.

G.   Award the Commission its costs of this action.

[Jury Demand and signature page follows]

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by this Complaint.

>Respectfully submitted,
>
>P. David Lopez
>General Counsel
>
>James L. Lee
>Deputy General Counsel
>
>Gwendolyn Young Reams
>Associate General Counsel
>
>s/Robert K. Dawkins
>Robert K. Dawkins
>Georgia Bar No.: 076206
>Regional Attorney
>
>EQUAL EMPLOYMENT OPPORTUNITY
>COMMISSION - Atlanta District Office
>100 Alabama Street, SW - Suite 4R30
>Atlanta, Georgia 30303
>(404) 562-6815 - direct
>(404) 562-6932 - general
>(404) 562-6905 - facsimile

EDWARD J. TARVER
UNITED STATES ATTORNEY

s/Melissa Mundell
MELISSA MUNDELL
Georgia Bar No. 529475
Assistant United States Attorney
P.O. Box 8970
Savannah, GA 31412
912/652-4422