U.S. [illegible]
SA[illegible]

2011 JUL 22 PM 4:44

CLERK
S[illegible]

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | CA No.: 4:10-CV-0230-WTM-GRS |
| v. | ) ) | |
| RESOURCE REAL ESTATE MANAGEMENT, INC. d/b/a RESOURCE RESIDENTIAL | ) ) ) ) | |
| Defendant. | ) ) ) | |

## CONSENT DECREE

This action was instituted on September 30, 2010 by the Equal Employment Opportunity Commission (the "EEOC" or the "Commission") against the Defendant Resource Residential (the "Defendant") pursuant to Age Discrimination in Employment Act of 1967, as amended 29 U.S.C. § 626(b) (hereinafter "ADEA"), and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705 and the Civil Rights Act of 1991, 42 U.S.C. § 1981(a), to remedy the alleged wrongful practices identified in the Complaint filed in this action. Plaintiff filed an amended

1

Complaint on October 18, 2010 asserting substantially the same claims.

In its Complaint, the Commission alleged that Margaret McCright, Carole Rutherford, and E.K. Roscoe were terminated from their employment with Defendant due to their ages in violation of the ADEA. The Commission also sought make-whole relief including, but not limited to, back pay with interest, liquidated damages, and injunctive and other affirmative relief. Defendant filed its Answer to the First Amended Complaint of Plaintiff EEOC on February 8, 2011. In its Answer, the Defendant denied that it had violated ADEA as alleged in the Complaint, and requested that the Court deny any relief to the Commission based on the Complaint.

The parties to this action desire to avoid the additional expense, delay, and uncertainty that would result from the continuance of this litigation, and desire to formulate a plan to be embodied in this Consent Decree that will promote and effectuate the purposes of the ADEA. The parties want to conclude fully and finally all claims arising out of the charges of discrimination filed with the Commission by Margaret McCright, Carole Rutherford, and E.K. Roscoe, and the Commission's Complaint. They enter into this Consent Decree to further the objectives of the ADEA and equal employment opportunity. This Consent Decree is not to be deemed or construed to be an admission of liability or wrongdoing by

2

Defendant but constitutes the good faith settlement of a disputed claim.

This Court has jurisdiction over the subject matter of this action and over the parties to this action, as the employment practices alleged to be unlawful in the Complaint filed herein occurred within the jurisdiction of the Southern District of Georgia, Savannah Division.

This Court has reviewed the terms of the proposed Consent Decree in light of the pleadings and the applicable law and regulations, and has approved this Consent Decree as one that will promote and effectuate the purposes of the ADEA.

Now, therefore, this Court being fully advised in the premises, it is hereby ORDERED, ADJUDGED, AND DECREED:

### I.    JURISDICTION AND VENUE

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Georgia, Savannah Division.

3

## II.    **DISCLAIMER OF VIOLATION**

It is understood and agreed that the negotiation, execution, and entry of this Consent Decree by the parties shall not constitute an adjudication or finding on the merits of this case, and shall not be construed as an admission by either party with respect to the claims or defenses asserted in this case.  Nothing in this Consent Decree shall be admissible in any other judicial or administrative proceeding for any purpose except to enforce the terms of this Consent Decree.

## III.    **NON-DISCRIMINATION PROVISION**

Defendant, including its officers, agents, managers, supervisors, successors and assigns, and all those in active concert or participation with it, is enjoined from discriminating against any individual because of age.  Defendant agrees to comply with the ADEA and that all employment practices, including hiring, termination, and promotion, and all other terms and conditions of employment shall and continue to be conducted in a manner that does not discriminate on the basis of age.

## IV.    **NON-RETALIATION PROVISION**

Defendant, its officers, agents, employees, successors, assigns, and all those in active concert or participation with it, shall not engage in reprisal or retaliation of any kind against any person because such person:

4

    a. opposed any practice made unlawful under the ADEA;

    b. filed a charge of discrimination with the Commission or a state agency;

    c. testified or participated in any manner in any investigation, proceeding, or hearing under the ADEA;

    d. requested and/or received relief in accordance with this Consent Decree;

    e. participated in any manner in this action or in the investigation giving rise to this action; or

    f. asserted any rights under this Consent Decree.

## V.   INSTRUCTION TO MANAGEMENT

Within thirty (30) days from the entry of this Decree, Defendant shall certify in writing, to the EEOC that (i) top management personnel, including the President, Chief Executive Officer, Controller, Regional Vice-President-Georgia, and General Counsel, have been instructed as to the terms of this Consent Decree, including the monetary amount of the settlement, and the full meaning of the provisions of the Notice to be posted, and (ii) other management and supervisory personnel who are currently employed at its Georgia facilities have been instructed as to the terms of the Consent Decree, including the fact that money has been paid,

5

(but not the monetary amount of the settlement) and the full meaning of the provisions of the Notice to be posted. Defendant has reaffirmed with these employees that employment decisions are not to be made on any basis that is prohibited by ADEA. All written certification required by the Section shall be addressed to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

## VI. TRAINING

Within ninety (90) days of entry of this Decree, Defendant will provide a minimum of four (4) hours of EEOC-approved live, videotaped or similar medium anti-discrimination training for all managerial and supervisory employees. The training will include review of the employment policies described in paragraph 5 above, types of prohibited employment actions (including harassment by employees or non-employees and retaliation), consequences of engaging in prohibited employment actions, and what employees should do if they believe they have been subjected to prohibited employment actions. Similar training will be provided annually thereafter. Defendant will provide all new managerial and supervisory employees information regarding the Company's anti-discrimination policies at time of hire.

Within one ninety (90) days of entry of this Decree, Defendant will provide

6

all non-managerial and non-supervisory employees anti-discrimination training (live, videotaped or similar medium). The training will include review of the employment policies described in paragraph 5 above, types of prohibited employment actions (including harassment by employees or non-employees and retaliation), consequences of engaging in prohibited employment actions, and what employees should do if they believe they have been subjected to prohibited employment actions. Such training will last a minimum of 30 minutes. All non-managerial and non-supervisory employees will receive similar training at least once per year. Defendant will provide all new non-managerial and non-supervisory employees information regarding the Company's anti-discrimination policies at time of hire.

All written notice and certification required by this Section of the Consent Decree shall be addressed and forwarded to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

## VII. REPORTING REQUIREMENT

Every six (6) months for the duration of this Consent Decree, Defendant shall certify in writing to the Regional Attorney whether any person employed at Defendant's Savannah, Georgia facilities has complained about age discrimination.

7

If an employee has so complained, then the summary report shall include the following information:

    (a)    The date of the complaint or report;

    (b)    The name of the person making the complaint or report;

    (c)    The name and title of the person against whom the complaint or report was made;

    (d)    The nature of the complaint or report;

    (e)    The name and title of Defendant's official to whom the complaint or report was made;

    (f)    A description of how the complaint or report was resolved by Defendant, including any personnel action(s) taken by Defendant in response to the complaint or report.

The required report shall be addressed and forwarded to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

## VIII. **NOTICES TO BE POSTED**

Upon entry of this Consent Decree and continuing until the expiration date specified in Section X herein, Defendant shall keep posted a copy of the Notice attached to this Consent Decree (as Attachment A). The posting required by this

paragraph shall be made on bulletin boards or locations selected so that each employee at the Savannah, Georgia facilities shall have the opportunity to observe at least one such posting when at the facility. Defendant will fulfill the posting requirement within fifteen (15) days of the entry of this Consent Decree and shall certify, within thirty (30) days of such date, that posting has been accomplished.

Upon notification by EEOC, Defendant shall not withhold the right of the EEOC to enter upon its premises to monitor compliance with this Section. Should the Notice become defaced, marred, or otherwise unreadable, Defendant will ensure that a new, readable copy of the Notice is posted in the same manner as heretofore specified within five (5) working days of discovering the defective Notice.

## IX. CHARGING PARTY'S INDIVIDUAL RELIEF

Defendant, in settlement of all claims alleged by the Commission in its Complaint, shall pay Margaret McCright, Carole Rutherford, and E.K. Roscoe within ten (10) business days of the entry of this Consent Decree the gross amount of $335,000, less applicable taxes, withholdings, and other deductions required by law. The specific amounts to be paid are accordingly:

  a) Roscoe    $123,950    ($76,000    back    pay    (less    all    applicable
     withholdings); $47,950 liquidated damages);

b) Rutherford $103,850 ($53,000 back pay (less all applicable withholdings); $50,850 liquidated damages); and

c) McCright $107,200 ($56,000 back pay (less all applicable withholdings); $51,200 liquidated damages).

Within five (5) business days of issuing the checks to Margaret McCright, Carole Rutherford, and E.K. Roscoe, Defendant will mail copies of the checks to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

## X. TERM OF DECREE AND PERIOD OF JURISDICTION

This Consent Decree shall continue to be effective and binding upon the parties to this action for a period of thirty-six (36) calendar months immediately following the entry of the Decree, provided that all remedial benefits required hereby have been received or offered prior to its expiration and provided further, that all required reports and certifications are submitted at least thirty (30) days before the expiration date of the Consent Decree. If required reports are not submitted within thirty (30) days of the expiration date or if the remedial benefits are not received or offered, the Consent Decree will be automatically extended until these provisions are completed.

Upon the Court's execution and entry of this Consent Decree, this case shall

be dismissed with prejudice. However, this Court shall retain jurisdiction over this action for the purposes of clarifying and enforcing this Consent Decree and for any other appropriate or equitable purposes for thirty-six (36) calendar months from the date of entry of this Consent Decree, unless the Court acts or the Commission has, prior to the expiration of said thirty-six (36) calendar month period, moved to enforce compliance with the Consent Decree. If the Court acts or the Commission has moved to enforce compliance with this Consent Decree within this period, this Court shall retain jurisdiction of this action until all issues relating to all such motions which are made during the thirty-six (36) month period have been resolved. At the expiration of the thirty-six (36) month period of jurisdiction, if all obligations have been performed by the parties under this Consent Decree, and no disputes regarding compliance remain unresolved, then the Decree shall operate as an automatic dismissal with prejudice.

## XI.  COMPLIANCE OFFICIAL

The Defendant has designated Karen Febus, Vice President of Human Resources, to be Defendant's Compliance Official who shall be responsible for Defendant's compliance with this Consent Decree. The Compliance Official is to be responsible for coordinating and overseeing Defendant's compliance with the specific terms of this Consent Decree.

## XII.  PROCEDURE FOR ENFORCING COMPLIANCE

The Commission will attempt to resolve any dispute regarding the enforcement of this Consent Decree by informal mediation and consultation before seeking enforcement through the judicial process.  The Commission will notify, in writing by first class mail and facsimile, Defendant's Compliance Official if it has any reason to believe that any act or omission by Defendant is in violation of the Consent Decree.  Defendant shall have thirty (30) days after the receipt of such notification to cure any such alleged deficiency, and to notify the Commission, by written report addressed to the Regional Attorney at the EEOC's Atlanta District Office, of the measures taken to cure the alleged deficiencies.

If upon receipt of Defendant's report, the Commission concludes that the deficiency has not been satisfactorily cured by Defendant, the Commission shall seek to resolve the alleged deficiency through good faith conciliation or mediation. If the alleged deficiency is not resolved within thirty (30) days after the initiation of such good faith conciliation or mediation process, then the Commission may seek enforcement of this Consent Decree through the judicial process.

Nothing in this agreement shall be deemed to prohibit any matter which occurred during the term of this Consent Decree, and which constitutes a dispute as contemplated by this Section, from being fully and completely resolved in the

manner described in this Section, even if the term of the Consent Decree expires prior to thirty (30) days after the initiation of good faith conciliation or mediation as set forth in this Section.

## XIII.  OTHER ACTIONS

The Commission shall not commence or prosecute Defendant for any action or other proceeding based upon any claims, demands, causes of action, obligations, damages or liabilities that arose out of Margaret McCright, Carole , and E.K. Roscoe's claims that they were discharged by Defendant due to their ages in violation of the ADEA, as embodied in EEOC Charge Numbers 415-2009-00602, 415-2009-00603; 415-2009-00624, which was filed with, and investigated by, the EEOC's Atlanta District Office.  This Consent Decree in no way affects the Commission's right to process any pending or future charges that may be filed against Defendant in accordance with standard Commission procedures, and to commence and prosecute civil actions pursuant to the ADEA (or any other statutes enforced by the Commission) on any such charges.  Nothing herein shall preclude the Commission from bringing an action to enforce the provisions of this Consent Decree.

## XIV. COSTS AND ATTORNEYS FEES

The EEOC and Defendant shall each bear their own respective costs and attorneys' fees for this action.

The parties hereto and undersigned attorneys of record for the parties in the above-styled action hereby consent to the entry of the foregoing Consent Decree.

**BY CONSENT**:

Counsel for Plaintiff:

ROBERT K. DAWKINS
Georgia Bar Number: 076206

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION- Atlanta District Office
100 Alabama Street, SW, Suite 4R30
Atlanta, Georgia 30303
Telephone: (404) 562-6818; Fax:(404) 562-6905

Counsel for Defendant:

Dara DeHaven
Georgia Bar Number: 216250

Ogletree Deakins Law Firm
191 Peachtree Street, Suite 4800
Atlanta, Georgia 30303
Telephone: (404) 881-1300; Fax: (404) 870-1732

SO ORDERED this 22ᴺᴰ day of July , 2011.

William T. Moore, Jr.
United States District Judge

14

**EXHIBIT A**
(On Resource letterhead)

## NOTICE TO EMPLOYEES AND JOB APPLICANTS

This Notice is posted as part of a remedy agreed to pursuant to a Consent Decree entered in the case of *Equal Employment Opportunity Commission (EEOC) v. Resource Residential,* Case No. 4:10-CV-0230, on file in the United States District Court for the Southern District of Georgia. The agreed remedy as set forth in the Consent Decree includes monetary relief; training regarding federal and state statutes prohibiting employment discrimination; notice of rights to employees and job applicants; reporting requirements; and an agreement by defendant to not discriminate on the basis of age in hiring, firing, work assignments, pay, promotion or other terms or conditions of employment.

Federal law prohibits discrimination against any employee because of race, national origin, color, religion, sex, disability or age (forty and over) with respect to hiring, promotion, firing, compensation, or other terms, conditions or privileges of employment. Federal law also prohibits retaliation against persons who complain of or oppose practices they believe are discriminatory on the basis of race, national origin, color, religion, sex, disability or age (forty and over), and it prohibits retaliation against persons who file charges with the EEOC, or who participate in or cooperate with an EEOC investigation. The corporation supports and will comply with such federal law in all respects and will not take any action against employees because they have exercised their rights under the law. Specifically, the company will not tolerate discrimination in employment, nor will it tolerate retaliation against any employee for exercising rights under law.

Employees or job applicants should feel free to report instances of discriminatory treatment to management officials at any time. The company has established policies and procedures to promptly investigate any such reports and to protect the person making the reports from retaliation, including retaliation by the person allegedly guilty of the discrimination. Individuals are also free to make complaints about employment discrimination to the Office of the Regional Attorney, United States Equal Employment Opportunity Commission, Atlanta District Office, 100 Alabama Street, Suite 4R30, Atlanta, GA 30303 (Attention: Robert K. Dawkins, Regional Attorney, or Chandra C. Davis, Trial Attorney) or by telephone to (404) 562-6818 or (404) 562-6825.